USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
:
KS TRADE, LLC, and YONI MIZRAHI, :
:
Plaintiffs, :
:
-against- :
:
SIMPLE WISHES, LLC, PUMPING :
ESSENTIALS, LLC, and KEREN JOZWIAK :
:
Defendants. :
:
--------------------------------------------------------------- X

1:20-cv-9200-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On February 9, 2022, the parties jointly submitted their privately negotiated settlement agreement to the Court, requesting that the Court convert it into an order of the Court by "so ordering" the agreement. Dkt. No. 137.

"A court must scrutinize a proposed settlement before giving it a judicial imprimatur." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 970 F.2d 1132, 1137 (2d Cir. 1992); *cf. United States v. New York City Hous. Auth.*, 347 F. Supp. 3d 182, 206 (S.D.N.Y. 2018) ("a federal court is more than a recorder of contracts from whom parties can purchase injunctions; it is an organ of government constituted to make judicial decisions." (citing *Local No. 93 Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)). "The district court must ensure that the agreement 'does not put the court's sanction on and power behind a decree that violates Constitution, statute, or jurisprudence.'" *Teamsters*, 970 F.2d at 1137 (citation omitted)). Indeed, the Second Circuit has "often compared stipulated settlements to contracts, and . . . consistently applied the law of contract to disputes concerning the construction and enforcement of settlements . . . However, when a district court 'so orders' a stipulated settlement, it [accepts] some obligations [including] . . . a duty to enforce the stipulation that it has approved." *Geller v. Branic Int'l*

*Realty Corp.*, 212 F.3d 734, 737 (2d Cir. 2000). "In many cases, a stipulated settlement will contemplate actions that are not within the power of the litigants to perform, but rather lie within the power of the district court ordering the settlement. When a district court 'so orders' a settlement containing such provisions, it is, with some limited exceptions, obliged to perform." *Id.*; *see also Sanchez v. Maher,* 560 F.2d 1105, 1108 (2d Cir. 1977) ("[t]he district court has not only the power, but the duty to enforce the stipulation which it had approved) (citation omitted)).

The Court declines to endorse the parties' stipulation and proposed order. The Court does not have a basis upon which to conclude that the terms of the parties' private agreement are appropriate, and the Court is unwilling to convert a private agreement into a Court order without a factual or legal framework to do so. The parties ask that the Court "so order" their agreement to "memorialize the Settlement Agreement and finalize the Litigation." Dkt. No. 136. But the Court's endorsement is not required to achieve either goal—the Settlement Agreement memorializes itself, and the litigation has been finalized without the need for further Court order.

Similarly, the Court declines to retain jurisdiction to enforce the terms of the parties' settlement agreement. There appears to be no need for the Court to do so, given that the agreement provides for a very modest cash payment.

The Court understands that the case remains dismissed with prejudice as a result of the Court's February 2, 2022 order. Dkt. No. 134.

SO ORDERED.

Dated: February 23, 2022

_____
GREGORY H. WOODS
United States District Judge